UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PAUL JOSEPH FREEMAN,

    Plaintiff,

v.                                                Case No. 3:18cv409-MCR-CJK

GLENN A. FINE, Acting Inspector
General of the Department of Defense,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the court on defendant's Motion to Dismiss and/or Motion for More Definite Statement as to Counts Two and Three. (Doc. 12). Plaintiff responded in opposition. (Doc. 15). The matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(E). After reviewing the parties' submissions, the undersigned recommends that the motion be granted, and counts two and three of the complaint be dismissed.

### BACKGROUND

Plaintiff filed a complaint naming Glenn A. Fine, the acting Inspector General of the Department of Defense, as the sole defendant. The complaint sets forth the

factual allegations that follow, the truth of which is accepted for purposes of this Report and Recommendation.

On July 17, 2017, plaintiff filed a Freedom of Information Act ("FOIA") request with the Department of Defense's Office of Inspector General ("DOD OIG"), which was assigned case number DODOIG-2017-000766. The request sought a copy of Whistleblower Reprisal Case Number 20140905-027366. The DOD OIG denied the request on July 27, asserting the responsive documents were part of an active law enforcement investigation and production could reasonably be expected to interfere with law enforcement proceedings. *See* 5 U.S.C. § 552(b)(7)(A).

Plaintiff appealed the denial on September 25, 2017. The appeal was assigned case number DODOIG-2018-000002. The appeal was successful to the extent the request was remanded back to the FOIA office for completion on January 25, 2018. The expected completion date for the request was February 28, 2018. The DOD OIG closed the FOIA case on February 28, 2018, but plaintiff did not receive the requested document or responses to additional inquiries.

Based on the foregoing, plaintiff alleges defendant: (1) violated FOIA, 5 U.S.C. § 552; (2) violated "28 U.S.C.: use of FOIA exemption and obstruction actions to conceal or prevent the investigation of major fraud against the United States"; and (3) denied "due process/equal protection under U.S. Constitution

causing loss of property." As relief, he asks that the DOD OIG be compelled to produce the requested records.

## LEGAL STANDARD

In considering a motion to dismiss for failure to state a claim, the court reads plaintiff's *pro se* allegations in a liberal fashion, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), accepts all factual allegations in the complaint as true, and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *See Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1484 (11th Cir. 1994). A few exceptions exist to this rule, such as where the facts alleged are internally inconsistent or where they run counter to facts of which the court can take judicial notice. 5B Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure § 1357 (2008). Further, only well-pleaded factual allegations are taken as true and only reasonable inferences are drawn in favor of the plaintiff. *See Oladeinde v. City of Birmingham*, 963 F.2d 1481, 1485 (11th Cir. 1992); *see also Associated Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974) ("unwarranted deductions of fact are not admitted as true"). Mere "labels and conclusions" are not accepted as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)) (noting courts "are not bound to accept as true a legal conclusion couched as a factual allegation"); *Ashcroft v. Iqbal*, 556 U.S. 662,

680-81 (2009) (explaining that conclusory allegations are not entitled to a presumption of truth).

As the Supreme Court reiterated in *Iqbal*, although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." 556 U.S. at 678. A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The mere possibility the defendant acted unlawfully is insufficient to survive dismissal for failure to state a claim. *Id.* The complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, or, "nudge[] the[] claim[] across the line from conceivable to plausible[.]" *Id.* at 570.

## DISCUSSION

Defendant correctly notes count two of the complaint alleges a violation of "28 U.S.C." but does not specify a particular section of Title 28. In his response to the motion to dismiss, plaintiff clarifies that he is alleging "[t]he described actions are crimes defined and codified in 18 USC, Crimes and Criminal Procedure; not 28 USC, Judiciary and Judicial Procedure." Plaintiff says defendant allegedly violated 18 U.S.C. §§ 2, 3, 4, 1017, 1018, 1031, 1037, 241, 371, 1343, 1346, 1349, 1505,

Case 3:18-cv-00409-MCR-HTC   Document 16   Filed 11/06/18   Page 5 of 7

Page 5 of 7

1513, 1519, and 1623. (Doc. 15, p. 3). These criminal statutes, however, do not provide plaintiff with a civil remedy. *See Chen ex rel. V.D. v. Lester*, 364 F. App'x 531, 536 (11th Cir. 2010) ("Criminal statutes generally do not provide a private cause of action."); *Chapa v. Adams*, 168 F.3d 1036, 1038 (7th Cir. 1999) ("Criminal statutes, which express prohibitions rather than personal entitlements and specify a particular remedy other than civil litigation, are accordingly poor candidates for the imputation of private rights of action."); *Hanna v. Home Ins. Co.*, 281 F.2d 298, 303 (5th Cir. 1960) (Sections 241 and 371 of Title 18 "are criminal in nature and provide no civil remedies."); *Amen Ra ex rel. Lewis v. IRS*, No. 1:14-cv-08295, 2015 WL 5011454 at *4 (N.D. Ill. July 27, 2015) ("Federal criminal statutes do not provide a private cause of action against the United States."). And a federal court does not order the prosecution of individuals at the request or invitation of a disgruntled plaintiff. *See Nicholas v. Heffner*, 228 F. App'x 139, 141 (3d Cir. 2007) ("[T]he District Court lacks authority to order a federal investigation and prosecution of the defendants or the termination of their employment."); *Otero v. U.S. Attorney Gen.*, 832 F.2d 141, 141 (11th Cir. 1987) ("[A] private citizen has no judicially cognizable interest in the prosecution or non-prosecution of another.") (*citing Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)). Accordingly, count two of the complaint fails to state a claim on which relief may be granted.

Count three of the complaint alleges a "denial of due process/equal protection . . . causing loss of property." The complaint, however, does not identify the property lost. In any event, plaintiff cannot state a viable due process claim based on the denial of a FOIA request. *See Trentadue v. Integrity Comm.*, 501 F.3d 1215, 1236-37 (10th Cir. 2007) (holding Integrity Committee's failure to provide individual with documents requested pursuant to FOIA did not violate his due process rights because he had "not demonstrated a life, liberty, or property interest in the materials at issue"); *Johnson v. Exec. Office for U.S. Attorneys*, 310 F.3d 771, 777 (D.C. Cir. 2002) (holding "the comprehensiveness of FOIA precludes the creation of a *Bivens* remedy" when plaintiff alleged defendant's "mishandling of [a] FOIA request violated his constitutional right to due process under the Fifth Amendment").

Likewise, plaintiff fails to state an equal protection claim because he has not alleged "that he was treated differently from other similarly situated individuals" or "that the defendant unequally applied a facially neutral ordinance for the purpose of discriminating against him." *Leib v. Hillsborough Cty. Pub. Transp. Comm'n*, 558 F.3d 1301, 1307 (11th Cir. 2009). As plaintiff acknowledges, the FOIA violation alleged in count one is "the suit's only essential cause of action." (Doc. 15, p. 4). Counts two and three of complaint, therefore, should be dismissed.

Accordingly, it is respectfully RECOMMENDED:

1. That defendant's Motion to Dismiss and/or Motion for More Definite Statement as to Counts Two and Three (doc. 12) be GRANTED, and counts two and three of the complaint be DISMISSED WITH PREJUDICE.

2. That this case be referred to the undersigned for further proceedings on count one of the complaint.

At Pensacola, Florida, this 6th day of November, 2018.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  A copy of objections shall be served upon the Magistrate Judge and all other parties.  A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.