UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PAUL JOSEPH FREEMAN,

    Plaintiff,

v.                                              Case No. 3:18cv409-MCR-CJK

GLENN A. FINE, Acting
Inspector General of the
Department of Defense

    Defendant

Mr. Paul Joseph Freeman, Pro se
203 Downshill Circle
Niceville, FL 32578
Boomer86bontheroad@cox.net
850-729-1440
850-424-3930

BEFORE
Charles J. Kahn, Jr.
United States Magistrate Judge

## OBJECTIONS TO PROPOSED FINDINGS AND RECOMMENDATIONS

## CONTAINED IN CASE DOCUMENT 16

COMES NOW the plaintiff, Paul J. Freeman, *pro se*, to provide requested objections and contra-indications to the proposed findings and recommendations concerning defendant's Motion to Dismiss and/or Motion for More Definite Statement as to Counts Two and Three (Doc.16).

Among legal practitioners it is a well-worn path; that of equating *pro se* with stupid. Still, it is more a result of the human condition than one of ill intent. This and similar observed behaviors within affiliated societal subsets are long-studied and documented causes of prejudice and malfunction in organizations; detrimental tendencies in bureaucracy requiring active attention and management to offset. Even 81 years after the modern Federal Rules of Civil Procedure were adopted by the U.S. Supreme Court *we* must jointly strive to ensure the effective function of *our* Article III operations.

Plaintiff appreciates the opportunity and respectfully offers information that was not included in the report and appears to have gone unconsidered. Noting these omissions and resulting *non sequitur* conclusory statements, Plaintiff wishes to record his objection to both of the proposed recommendations. Plaintiff suggests the report's author erred; providing an incomplete and fatally flawed

compilation of information to the magistrate. This error could well cause magistrate authority to be wrongly applied. Plaintiff files this OBJECTION to the proposed findings and recommendations, and to dismissal of any count of the complaint, with or without prejudice. Plaintiff additionally submits OBJECTION to referral of this case to magistrate proceeding unless the apparent shortage of staff, time, and competence are ameliorated. Plaintiff offers the following information for the Court's consideration.

## BACKGROUND

Plaintiff, as a *pro se* filer was required to drive sixty-five miles, and back, to file the complaint in person.. Prepared and carrying an iPad with over five Gigabytes of electronic drafts of complaint verbiage to make his first *pro se* filing, plaintiff was not allowed to proceed past security with the iPad.

Absence of internet connectivity limited thorough composition, type-written format, and precise law citation (e.g., citing elements of 18 U.S.C. that prescribe civil action, with 28 U.S.C. District Court Local Rules in view).

Defendant's counsel, not the court, provided the first notice to the plaintiff that anyone considered the complaint deficient. No pre-trial conferences, pre-discovery, or fact-exchanges occurred. Nothing short of formal motions to dismiss were proposed to achieve a common understanding of the complaint and the sufficiency thereof.

## PROBLEMS WITH LEGAL STANDARD SECTION (doc. 16)

A read of the report section LEGAL STANDARD is perplexing; as the author shows little sign of being enlightened by, or reflective of, facts contained in the plaintiff's RESPONSE TO DEFENDANT'S MOTION TO DISMISS AND/OR MOTION FOR MORE DEFINITE STATEMENT AS TO COUNTS TWO AND THREE (doc. 15).

From, *The Complaint Under the Federal Rules of Civil Procedure*, 10 Fordham L. Rev. 252 (1941):

> The second provision of Rule 8 (a) provides that a complaint shall contain: "(2) a short and plain statement of the claim showing that the pleader is entitled to relief. ..." It has generally been conceded that the intent of this subdivision is that any plain statement which shows in simple, concise and direct averments, that the pleader is entitled to relief, is sufficient to

fulfill the requirements of this section. *See Sierocinski v. E. I. DuPont & Co., 103 F. (2d) 843 (C.C. A. 3rd, 1939); Securities & Exchange Comm. v. Timetrust, Inc., 28 F. Supp. 34 (N.D. Calif. 1939); Tahir Erk v. Glenn L. Martin Co., 116 F. (2d) 865 (C.C. A. 4th, 194-1); Ford, Federal Rules of Civil Procedure (1940) 1 F. R. D. 315, 317.* The Rules relegate to oblivion the technical forms of pleading [*See Tahir Erk v. Glenn L. Martin Co.*, 116 F. (2d) 865, 870 (C.C. A. 4th, 1941)] and substitute in their place brief, clear and simple statements of the essential elements upon which the claim rests.

These "ancient" citations and The Rules endure. And while the Supreme Court decisions in *Twombly* and *Iqbal* establish standards and thresholds of sufficiency; they do not reverse, diminish, or delete the modern Federal Rules of Civil Procedure adopted in 1937.

A second significant omission from the LEGAL STANDARD section of the author's report concerns matter included in complaint's section III, Statement of Facts. With the exception of the 28 U.S.C. typographical error, the defendant's entire argument is that the plaintiff failed to state a claim. Yet such an assertion approaches absurdity unless one fails to acknowledge the content of the twelve

pages comprising the attachments (Tab A - D). Federal Rules of Civil Procedures and case law firmly establish that a civil complaint includes the entirety of any attachments. The remaining hurdle, well-cleared, was whether the complaint informed the defendant enough to understand the claim and prepare for pre-trial processes.

## PROBLEMS WITH DISCUSSION SECTION (doc. 16)

The author commits error-of-fact in characterizing this complaint as a request or claim of entitlement to prosecute defendant for violations of criminal statutes under 18 U.S.C.. This civil action is explicitly directed in statute 5 U.S.C. § 552 (FOIA) to accomplish two Constitutional responsibilities: 1) Article III judicial decision and authority to direct agency action to comply with statute, and 2) identify and decide and direct constructive relief of civil legal liability damages per 5 U.S.C § 552 (a), (4), (B thru G).

While it is not error to quote case law (doc. 16 page 5, line 3), "Criminal statutes generally do not provide a private cause of action." The word *generally* is the operative qualifier here. More than a few defined crimes under 18 U.S.C. were enacted specifically to guide civil legal actions. Examples include Sherman Act actions and treble

damages; civil fraud actions; wire fraud affecting interstate commerce; False Claims Act, *qui Tam,* et al.

In this case, COUNT TWO of the statement of claims alleges the defendant used: 1) unlawful FOIA exemption claims to conceal an ongoing criminal enterprise; 2) used FOIA process to obstruct the public release of a public record to thwart a non-discretionary, statutory (The Inspector General Act, as amended) investigation of Whistleblower Retaliation against the plaintiff; and 3) used FOIA process to hide defendant's failure to conduct a non-discretionary, statutory (The Enhanced Whistleblower Protection Act, as amended) investigation of the Major Fraud against the United States allegations that were the underlying issue for the whistleblower retaliation case. Plaintiff presented in Section III, Statement of Facts, of this complaint ample information establishing plausibility and rationale for claim of damages to plaintiff from defendant's personal actions.

In this case, COUNT THREE of the statement of claims alleges the defendant used his personal actions and position of authority as an officer of the United States to deny the plaintiff constitutional due process protections with regard to adverse personnel actions,

falsified personnel actions, and otherwise unlawful personnel actions, culminating in the dismissal of the plaintiff from his 41-year career in military and civilian service. The specific document was in near-constant request under FOIA and Privacy Act throughout the defendant's tenure in the DoD Office of Inspector General. To date, it remains a never-delivered Discovery item in the plaintiff's federal administrative court case [Merit System Protections Board (MSPB), AT-0752-16-0688-I] appealing his dismissal from civil service. DoD regulations, Code of Federal Rules sections, and 5 U.S.C. sections are consistent in establishment of MSPB procedures as Constitutional due process in civil service dismissals. Tab C, Section III, of plaintiff complaint describes, in significant detail, these serial obstructions of FOIA process were known by the defendant to have affected a denial of due process to plaintiff. This denial resulted in wrongful retaliation against the plaintiff in his employment; wrongful termination of plaintiff from his employment; and continuing interference with post-dismissal employment applications. All, well established grounds and plausibility for civil action; all decidedly apparent in plaintiff's civil action complaint.

Likewise, the author makes an *error in fact* in concluding, "plaintiff fails to state an equal protection claim because he has not alleged ..." Complaint section III, Tabs A thru D, are replete with citations of *unequal treatment* of plaintiff, through misapplication of FOIA (a facially neutral ordinance), with foreknowledge by the defendant that the treatment was discriminatory. Further, the complaint Tabs provide plausibility, motive, and evidence of factual events that indicate the FOIA violations and the withholding of public record *are unlikely* to have been unintended/accidental.

In addition to these errors in fact (related supra) likely resulting from not considering all elements of civil complaint, the author concludes her DISCUSSION section with an *error of law*. The author contends (doc. 16, page 6, par. 2) that because the civil action stands *sufficient* of judiciary action upon Count One, alone; the additional counts stand as judicially extraneous. Count One justifies the civil action, though Counts Two and Three remain necessary to adequately illumine the gravity of the actions; the demonstrated intent of the defendant; the contemporary alignment of actor(s) and events to intent; and the nature, magnitude, and continuing nature of defendant's action.

Plaintiff notes that the author's work was signed by magistrate on November 6, 2018. It is assumed that both the author and her magistrate are fully aware that *after* this civil action was filed and *after* the defendant had been served summons for it, the defendant issued under his signature a False Statement (IG Report), Forgery of US government seal, and an officer-of-the-court motion in this civil case declaring the issuance of the forged document established his compliance with FOIA. It seems, to the plaintiff, that grounds for dismissal of Counts Two and Three have not been presented. Moreover, the imperative for their sustainment is bountiful; in fact and in law.

Finally, plaintiff offers that the proposed Report and Recommendation stands as *contra indication* that the case be referred to the magistrate judge for further proceedings. Plaintiff has no insight or need to determine cause (time, experience or competency of assigned staff, complexity of content, prejudice of *pro se* litigants, etc.) but plaintiff factually submits that the court stands ill-served by this Report and Recommendation. Plaintiff submits that it is flawed, incomplete, and void of essential information known to its author as relevant and bearing on this civil action. Additionally, the

author omitted mention of the existence of an open FBI investigation into the defendant-uttered false and forged documents related, and specifically bearing upon, Counts Two and Three of this action.

Respectfully, plaintiff makes OBJECTION to the proposed findings and recommendation and submits this filing to be placed in the record alongside it.

Accordingly, it is respectfully RECOMMENDED:

1. Defendant's Motion to Dismiss and/or Motion for More Definite Statement as to Counts Two and Three (Doc. 12) be DENIED and that Counts Two and Three of the complaint remain.

2. Court refrain from attaching PREJUDICE to the present judgement upon this civil complaint. An affirmative ruling to such goes far beyond previous defendant suggestions that the civil complaint was fatally flawed due to a typographical error claimed lack of clarity in the 12-page Statement of Facts. An attachment of PREJUDICE is a ruling that plaintiff: 1) lacked standing; and/or 2) was acting in bad faith; and/or 3) possessed vexatious intent in filing the complaint.

3. The court consider action, direction, sanction, or resource adjustments, with respect to this civil action, to ensure court and

magistrate judges receive reports of a more factually accurate, more complete, and more cognizant of assignable and relievable damages inflicted through actions <u>defined</u> in 18 U.S.C. as crimes that are presented in this case.

4. Immediate referral of the case to magistrate for further proceedings may further harm this action and be premature to judicial interest.

At Pensacola, Florida this 19th day of November, 2018.

_____
PAUL J. FREEMAN, *pro se*
Plaintiff

## Certificate of Service

Service of the assembled OBJECTIONS TO PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN CASE DOCUMENT 16 is hand-delivered to the Court. This document contains approximately 2,137 words per Microsoft Word software count. Plaintiff retains a file copy.

| Name & Address | Documents | Method of Service |
|---|---|---|
| UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF FLORIDA PENSACOLA DIVISION | OBJECTIONS TO PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN CASE DOCUMENT 16 | Hand Delivery, Nov 19, 2018 |
| GLENN A. FINE, Acting Inspector General of the Department of Defense<br><br>KATHRYN W. DREY<br>Assistant United States Attorney<br>21 East Garden Street, Suite 400<br>Pensacola, FL 32502<br>Tel: 850/444-4000 | OBJECTIONS TO PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN CASE DOCUMENT 16 | Hand Delivery, Nov19, 2018 |
| PAUL JOSEPH FREEMAN, Plaintiff | OBJECTIONS TO PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN CASE DOCUMENT 16 | FILE COPY |