UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PAUL JOSEPH FREEMAN,

    Plaintiff,

v.                                Case No. 3:18cv409-MCR-HTC

GLENN A. FINE, Acting
Inspector General of the
Department of Defense

    Defendant

Mr. Paul Joseph Freeman, Pro se
203 Downshill Circle
Niceville, FL 32578
Boomer86bontheroad@cox.net
850-729-1440
850-424-3930

BEFORE
Hope T. Canon
United States Magistrate Judge

MOTION FOR COURT-ORDERED DISCOVERY

COMES Now plaintiff Paul J. Freeman, pro se, and, pursuant to

Federal Rules of Civil Procedure, Rule 26 (b)(1) and Rule 26



(b)(3)(A) moves the court to compel the Unseal and Discovery of Records of Case No. 3:17mj134, United States District Court for the Northern District of Florida, Pensacola Division.

Rule 26(b)(3)(A) states those materials may be discovered if: (i) they are otherwise discoverable under Rule 26(b)(1); and (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, undue hardship, obtain their substantial equivalent by other means.

Twenty-one months ago, officials of the Air Force Office of Special Investigations (AFOSI) submitted information to the court sufficient to gain a search and seizure warrant for 203 Downshill Circle, Niceville, Florida, the plaintiff's residence and property. The search and seizure operations were led by AFOSI Special Agent Jonathon Christian. Mr. Christian is implicated in the authorship, and construction of the alleged counterfeit utterance in this case.

The search and seizure warrant was requested of the court on July 28, 2017, contemporaneous to but <u>after</u> the plaintiff's FOIA request of Jul 17, 2017 and <u>after</u> the defendant's claim of a 5 USC § 552 (b)(7)(A) exemption in denying a routine public record release. AFOSI Special Agent Christian led the search and seizure; personally

took custody of all seized materials and still holds sole possession and control of these materials; essential to the preparation for trial of this civil action.

The search and seizure warrant issued by this court was justified and approved on very specific grounds, "All evidence..... of violations of 18 U.S.C. 793(d)." The warrant allowed the evidence to be forensically evaluated for the presence of referenced evidence. The items have been held for over 21 months, far beyond any plausible time frame required to "forensically evaluate" each item thousands of times.

Plaintiff submitted a motion, sixteen months after the seizure and eight months after having to resort to civil action concerning the FOIA violations, to merely unseal the case records and reveal defendant's full range of actions.

No administrative allegations and no 18 USC charges have ever been filed against the plaintiff. The seized items contain records related to the four-year effort to obtain FOIA release of a public record report confirming prohibited personnel practices taken against the plaintiff.

The items were seized on August 3, 2017. The backup drives contain irreplaceable files related to the FOIA actions under contest in this case. It approaches absurdity to continue concealment of relative facts, under seal by the court, and under custody of an agent of the defendant.

The <u>one and only</u> basis for the search and seizure was to establish or rule out criminal violations of 18 USC 793(d). Well into period allowed to bring an indictment under this non-capital statute, the seized material is still being withheld; even though it could have been digitally copied in less than 30 minutes without any impact to any plausible investigation.

The continued holding of the property and information, as well as the continuation of the entire case record under seal, cannot stand lawful and fair scrutiny. It places a significant, and perhaps fatal burden upon the plaintiff in this FOIA case without apparent need or benefit to the court or government.

The week after the seizure, the US attorney's office justified the sealing of the record for one stated reason, the privacy of a confidential informant. This presents an apparent compromise - unseal the record with the "confidential informant's" name redacted.

This motion is submitted to allow the minimal, yet essential, information concerning the probable link between the subject search warrant and the FOIA violations at bar.

Respectfully submitted,

*[signature]*

PAUL J. FREEMAN

## Certificate of Service

Service of the assembled MOTION FOR SUPOENA is hand-delivered to the Court. This document contains approximately 780 words, excluding Attachment per Microsoft Word software count. Plaintiff retains a file copy.

| Name & Address | Documents | Method of Service |
|---|---|---|
| UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF FLORIDA PENSACOLA DIVISION | MOTION FOR COURT-ORDERED DISCOVERY | Hand Delivery, April 15, 2019 |
| GLENN A. FINE, Acting Inspector General of the Department of Defense<br><br>KATHRYN W. DREY<br>Assistant United States Attorney<br>21 East Garden Street, Suite 400<br>Pensacola, FL 32502<br>Tel: 850/444-4000 | MOTION FOR COURT-ORDERED DISCOVERY | Hand Delivery, April 15, 2019 |
| PAUL JOSEPH FREEMAN, Plaintiff | MOTION FOR COURT-ORDERED DISCOVERY | FILE COPY |