UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PAUL JOSEPH FREEMAN,

    Plaintiff,

v.                                                 Case No. 3:18cv409-MCR-HTC

GLENN A. FINE, Acting Inspector
General of the Department of Defense,

    Defendant.
_____/

ORDER and
REPORT AND RECOMMENDATION

Plaintiff Paul Joseph Freeman, proceeding *pro se*, has filed the instant action seeking to compel Defendant Glenn A. Fine, Acting Inspector General of the Department of Defense, to respond to a request he submitted under 5 U.S.C. § 552, the Freedom of Information Act ("FOIA"). The parties have filed cross-motions for summary judgment (ECF Docs. 20, 30). Freeman has also filed a Motion for Court-Ordered Discovery (ECF Doc. 35).

The motions for summary judgment have been referred to the undersigned Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(E). Considering the parties' submissions, the record and the relevant law, the undersigned recommends that Plaintiff's Motion for Summary Judgment (ECF Doc. 20) be DENIED and Defendant's Motion for Summary

Judgment (ECF Doc. 30) be GRANTED.  Additionally, the undersigned finds that Plaintiff's Motion for Court-Ordered Discovery (ECF Doc. 35) should also be DENIED.

I. Legal Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  An issue of fact is "material" if it might affect the outcome of the case under the governing law, and it is "genuine" if the record taken as a whole could lead a rational fact finder to find for the nonmoving party.  *Id.*  Summary judgment is not appropriate "if a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact."  *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 594 (11th Cir. 1995).  Generally, the Court must view the facts in the light most favorable to the non-moving party (here, Plaintiff) and draw all reasonable inferences in favor of that party.  *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1303 (11th Cir. 2009).

II. Facts

The facts pertinent to the resolution of the parties' cross-motions for summary judgment are drawn from the evidence submitted by Plaintiff (ECF Docs. 20, 34) and the evidence submitted by Defendant (ECF Docs. 29, 30).

On July 17, 2017, Freeman submitted a FOIA request to the Department of Defense ("DoD"), which was assigned Case Number DODOIG-2017-000766. ECF Doc. 30-1 at 2-3 ¶ 4, 6; ECF Doc. 1 at 6. The request described the information sought:

> Reprisal Report # 2014-09-04-4105852908 was filed in Sep 2014. Case number 20140905-027366 was opened; an investigation was conducted by DoD OIG; a Report of iInvestigation [sic] was written and submitted to the DoD IG; the approved Report of Investigation was submitted to SECDEF in June 2015 for approval and release. The report was never released by SECDEF Dr. Ashton Carter. SECDEF Ashton Carter was a named participant in the fraud enterprise (first reported to DoD OIG in 2011) that was the underlying cause/motivation for the retaliation campaign. Where is the report?

ECF Doc. 1 at 6. Freeman does not dispute that he sought only one document in his request—the Whistleblower Reprisal Investigation Report #20140905-027366 ("the Report"). ECF Doc. 20 at 2; ECF Doc. 34 at 5 ("The undisputed fact, as quoted by the defendant, is that the contested FOIA request was for the Whistleblower Reprisal Report resulting from the plaintiff's Whistleblower HOTLINE complaint 2014-09-04-4105352908.").

Defendant contends that the request was denied, on July 27, 2017, pursuant to the FOIA exemption found in 5 U.S.C. § 552(b)(7)(A) because it sought information that was, at the time, subject to an ongoing investigation. ECF Doc. 30-1 at 3 ¶ 7-10. Freeman disputes this allegation but has failed to present competent evidence sufficient to create a genuine issue of material fact. Moreover, for purposes of the cross-motions for summary judgment, why the request was initially denied is irrelevant. The parties do not dispute it was denied.

Freeman appealed the denial and closure of the request on September 25, 2017. *Id.* at ¶ 11. In October 2017 the appeal was assigned FOIA Appeal DODOIG-APPEAL-2018-000002. *Id.* at ¶ 12. In January 2018, an order was entered in FOIA Appeal DODOIG-APPEAL-2018-000002 that remanded DODOIG-2017-000766 back to the FOIA Office for completion.[1] *Id.* at 4 ¶ 14. Due to the remand, Freeman's FOIA request received a new number, DODOIG-2018-000313, which replaced the original number, DODOIG-2017-000766. *Id.* at ¶ 16.

On February 23, 2018, Freeman was notified via email the expected completion date for his request was February 28, 2018. *Id.* at ¶ 15. Defendant contends that on March 1, 2018, all documents (i.e., the Report) requested in

---

[1] Defendant contends that by the time the appeal was heard on January 9, 2018, the investigation that caused the (b)(7)(A) exemption was completed. *Id.* at ¶ 13. Freeman disputes the validity of the exemption in the first place; but his dispute is unsubstantiated and is irrelevant to the ultimate question of whether he is entitled to relief.

DODOIG-2018-000313 were provided to Freeman via email.[2]  *Id.* at ¶ 17; *id.* at 7-41.  Freeman disputes that he received any documents on March 1, 2018.

Freeman filed this case on March 12, 2018.  ECF Doc. 1.  On May 16, 2018, Freeman electronically submitted a request for appellate review of FOIA Request DODOIG-2018-000313, claiming the DoD OIG FOIA Office closed the request without delivering the requested documents.  ECF Doc. 30-1 at 4 ¶ 18.  On May 24, 2018, the FOIA Office assigned the appeal case number DODOIG-APPEAL-2018-000610, responded to the request for appellate review and sent the documents requested in DODOIG-2018-000313 to Freeman via first class U.S. Mail.  *Id.* at 4-5 ¶ 19; *id.* at 42-77.

Defendant Fine was served with the complaint in this case on July 13, 2018.  ECF Doc. 9.  On September 11, 2018, Defendant answered the complaint (ECF Doc. 11) and Defendant's counsel again sent the documents responsive to DODOIG-2017-000766/DODOIG-2018-000313 to Freeman via email (ECF Doc. 30-1 at 5 ¶ 20; *id.* 78-113).

---

[2] Although the response to Plaintiff's FOIA request correctly referenced the FOIA number on remand, DODOIG-2018-000313, the response also erroneously referenced a different FOIA request, REMAN-FOIA-2016-000331.  ECF Doc. 30-1 at 5 ¶ 21.

Case No. 3:18cv409-MCR-HTC

III. Discussion

    A. Motion for Court-Ordered Discovery

Before addressing the cross-motions for summary judgment, the undersigned will first address Freeman's Motion for Court-Ordered Discovery. ECF Doc. 35. On August 3, 2017, the Air Force Office of Special Investigations searched Freeman's house pursuant to a warrant and seized various electronic devices. ECF Doc. 35 at 2-4. Through his motion, Freeman asks the Court to unseal the application and affidavit upon which the search warrant was based (N.D. Fla. Case No. 3:17mj134) and order the return of the property seized during the search. For the reasons set forth below, the motion will be denied.

As an initial matter, Freeman's motion is deficient in that it seeks discovery in a manner not contemplated by the Federal Rules of Civil Procedure. It is not a motion to compel responses to a subpoena, interrogatories or requests for production. Freeman cites Fed. R. Civ. P. 26(b)(1) and (b)(3)(A) but neither subsection provides a basis for his motion. Rule 26(b)(1) simply sets forth the scope of discovery and Rule 26(b)(3)(A) concerns the work-product doctrine.

As Defendant notes, the criminal case is the appropriate forum for Freeman to seek the requested relief. And indeed, Freeman previously filed two motions within Case No. 3:17mj134 which sought to unseal the warrant application; both motions were denied. The Federal Rules of Criminal Procedure also provide a

vehicle for Freeman to challenge the retention of his property.  *See* Fed. R. Crim. P. 41(g) ("A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return.  The motion must be filed in the district where the property was seized.  The court must receive evidence on any factual issue necessary to decide the motion.  If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.").

Even assuming Freeman's motion is procedurally proper, it should still be denied.  Freeman asserts: (1) the items seized from his house "contain records related to the four-year effort to obtain FOIA release of a public record report confirming prohibited personnel practices taken against the plaintiff"; (2) "[t]he backup drives contain irreplaceable files related to the FOIA actions under contest in this case"; and (3) his motion "is submitted to allow the minimal, yet essential, information concerning the probable link between the subject search warrant and the FOIA violations at bar."  ECF Doc. 35 at 3-4.

Freeman's assertion—that he needs access to the items seized from his house in August 2017 and the search warrant affidavit to proceed with this FOIA action—is conclusory and nonspecific.  *See* Fed. R. Civ. P. 56(d) ("If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2)

allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."); *Harbert Int'l, Inc. v. James*, 157 F.3d 1271, 1280 (11th Cir. 1998) (A Rule 56(d) motion "must be supported by an affidavit which sets forth with particularity the facts the moving party expects to discover and how those facts would create a genuine issue of material fact precluding summary judgment."). Freeman has not cited any particular documents in the government's possession which would help prove a FOIA violation. This case involves a specific FOIA request made on July 17, 2017. Records related to previous FOIA requests (i.e., "the four-year effort") are not relevant to this case. Furthermore, Freeman's assertion that not having access to this information "places a significant, and perhaps fatal burden upon [him] in this FOIA case" (ECF Doc. 35 at 4) is inconsistent with his decision to move for summary judgment (ECF Doc. 20). Finally, Freeman has not explained why any information related to his FOIA claim could not have been obtained through discovery requests to the Defendant or subpoenas to nonparties. Accordingly, Freeman's Motion for Court-Ordered Discovery is DENIED.

    B. The Motions for Summary Judgment

"The FOIA is primarily an access and disclosure statute. It provides for wide-ranging citizen access to government documents and presumes them subject to disclosure absent a clear showing to the contrary." *Ely v. F.B.I.*, 781 F.2d 1487, 1489 (11th Cir. 1986) (citations omitted). A district court has jurisdiction in a FOIA

action "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

As the Defendant points out, the issue before the Court is very narrow—whether the Defendant adequately and completely responded to Freeman's July 17, 2017, FOIA request. If the Defendant did not, then compulsion may be appropriate. If Defendant did, then Freeman is not entitled to relief. Defendant has moved for summary judgment on the ground that it produced the Report to Freeman on March 1, 2018, again on May 24, 2018, and again on September 11, 2018. Plaintiff opposes the Defendant's motion and also moved for summary judgment on the grounds that (1) the Report was not provided until after the suit was filed; (2) the Report is false; and (3) the Report is improperly redacted.

    i. Timing of the Report

As stated above, the parties dispute when Freeman first received a copy of the Report. Defendant asserts Freeman was emailed a copy on March 1, 2018. Defendant supports that assertion with the declaration of Mark Dorgan, the Director of the FOIA, Privacy and Civil Liberties Office at the DoD Office of Inspector General ("OIG") (ECF Doc. 30-1 at 1, 4 ¶ 1, 17) and a copy of an email (with the Report attached) sent to Freeman on March 1, 2018 (ECF Doc. 30-1 at 7-41).

Freeman claims he never received any such email (ECF Doc. 34 at 13-14). He suggests screenshots of webpages (ECF Doc. 34 at 98-99, 101; ECF Doc. 34-1 at 1-11, 21) and copies of post-March 1, 2018 emails he sent inquiring about the Report's production (ECF Doc. 34-1 at 23-35) show the Report was not emailed to him on March 1, 2018. The undersigned finds that Freeman has failed to present competent evidence sufficient to controvert Dorgan's declaration that the Report was emailed to Freeman on March 1. Freeman, for example, does not submit an affidavit or declaration in support of his position. Additionally, the lack of the FOIA response email in the screenshot of Freeman's email inbox does not show such an email was not received, as it could have been received and then moved or deleted.

Regardless, when Freeman received the Report is not relevant to whether this case would proceed past the summary judgment stage. The only relevant fact is that Defendant has provided Freeman with a copy of the Report. Freeman does not dispute he received the copy of the Report mailed to him on May 24, 2018, and Defendant has attached multiple copies of the Report to his motion for summary judgment. ECF Doc. 30-1 at 10-41, 46-77. Because injunctive relief is the only remedy available in a FOIA action, and the only relief sought in Freeman's complaint,[3] this case should be dismissed as moot if Defendant has complied with

---

[3] *See* ECF Doc. 1 at 4 ("I seek compulsion of the DoD Inspector General to produce the requested public record.").

its FOIA obligation.[4] *See Von Grabe v. U.S. Dep't of Homeland Sec.*, 440 F. App'x 687 (11th Cir. 2011) ("If a person receives all the information he has requested under FOIA, even if the information was delivered late, his FOIA claim is moot to the extent that such information was sought.") (citations omitted); *see also Johnson v. Exec. Office for U.S. Attorneys*, 310 F.3d 771, 777 (D.C. Cir. 2002) (affirming district court's refusal to fashion a *Bivens* remedy because FOIA represents a comprehensive system to administer public rights, which provides requesters with the potential for injunctive relief only); *Cavezza v. U.S. Dep't of Justice*, 113 F. Supp. 3d 271, 277 (D.D.C. 2015) ("FOIA does not permit monetary damages"); *Davis v. Attorney Gen.*, 562 F. Supp. 2d 156, 159 (D.D.C. 2008) ("[T]he FOIA does not provide for monetary damages but rather authorizes the district court only 'to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.'") (quoting 5 U.S.C. § 552(a)(4)(B)).

For the reasons set forth below, the undersigned finds that Defendant has complied with his FOIA obligations and finds uncompelling Freeman's arguments to the contrary.

---

[4] For the same reason, Freeman's arguments (ECF Doc. 34 at 8-12) regarding the propriety of the (b)(7)(A) exemption clamed on July 27, 2017, do not create a dispute for trial.

ii. Authenticity of the Report

Freeman argues he is entitled to summary judgment because the copy of the Report provided by Defendant is "falsified," "forged" and "fraudulent." Specifically, he contends that the Report is false because: (1) it does not contain "the DoD Hotline whistleblower retaliation complaint submitted in Case #20140905-027366"; (2) it does not contain the "essential elements of investigation (Reprisal Acid Test, victim deposition, undue command influence report, etc.) specifically required to be addressed and documented by law (WPA, EWPA, and IG Act), DoD Judge Advocate General regulation, and U.S. Congressional appropriation language, oversight committee directives, and Code of Federal Regulations"; and (3) "pages are missing; pages are inserted; and the portions were not printed on DoD IG report printing facility equipment." ECF Doc. 20 at 2-5.

Freeman claims the Report provided to him does not concern the whistleblower reprisal complaint he made in September 2014; instead he claims "the Whistleblower reprisal complaint that is presented in the [Report] is actually only partial, selective, and incomplete sections of the complaint filed years earlier in a Hotline filing of a Fraud, Waste, and Abuse (Not Reprisal) on December 26, 2012 at 12:08PM."[5]  ECF Doc. 34 at 5.

---

[5] The Report includes a recitation of the allegations of fraud, waste and abuse Plaintiff made on December 26, 2012 (ECF Doc. 30-1 at 21-25; ECF Doc. 34 at 71-74), as these were some of the disclosures for which Freeman claims he suffered reprisal.

Case No. 3:18cv409-MCR-HTC

This argument is refuted by the Report. Freeman's September 2014 reprisal complaint identifies the revocation of his security clearance as the reprisal he experienced. ECF Doc. 20-1 at 4. The Report includes a discussion of the events that preceded and allegedly led to the revocation of Freeman's clearance, as well as an analysis of whether the adverse actions taken regarding his clearance were a result of his protected disclosures. ECF Doc. 30-1 at 10-41. Notably, it includes a discussion of events occurring 2013, 2014 and 2015, which obviously post-date the allegations Freeman made in December 2012. *Id.* Thus, the assertion that the Report did not concern whistleblower reprisal complaint 2014-09-04-4105852908 is without merit. To the extent Freeman claims the Report should have included a verbatim recitation of his entire reprisal complaint (ECF Doc. 20-1 at 5-6), he has not cited any support for that proposition, nor would the Report's failure to include the entire complaint constitute a FOIA violation.

Freeman also takes issue with what he contends is "missing" in the Report; for example, Freeman alleges: (1) the "authentic Master File of Whistleblower Reprisal Investigation Case No. 2014-09-04-4105852908" would include the deposition of Mike Speegle (ECF Doc. 34 at 6-7); and (2) "no opening memorandum, status memorandum, or closing memorandum [was] issued in 2017 throughout the process of constructing the" Report (*id.* at 7). This argument is a red herring and irrelevant to the resolution of this case. Even assuming the composition

of the Report or the investigation of Freeman's whistleblower retaliation complaint failed to adhere to applicable law and regulations, such a failure does not establish a FOIA violation. Likewise, an assertion that the Report was not printed on DoD OIG equipment or differs from other Whistleblower Reprisal Investigation Reports does not indicate Defendant violated FOIA.

Freeman has failed to present anything more than conclusory allegations and speculation to support his position that the Report is false or fraudulent. Thus, the undersigned finds that no reasonable jury would make that leap and conclude that Defendant has not complied with his FOIA obligations.

iii.  Redactions in the Report

Finally, Freeman argues the Report "improperly" cited FOIA exemptions (b)(6) and (b)(7)(c) to redact the name of the organization that employed the individuals under investigation for reprisal.[6] ECF Doc. 34 at 22-23. This argument, however, fails for several reasons.

First, Freeman did not raise this claim in his complaint, which alleged only that Defendant had failed to provide a copy of the Report. ECF Doc. 1. Because "[a] plaintiff may not amend [his] complaint through argument in a brief opposing

---

[6] Freeman argues redacting the organization's name is "clearly prohibited by DoD Directive 7050.06 and DoD IG Instruction 7600.1." ECF Doc. 34 at 23. Freeman, however, has not submitted copies of these publications nor cited any particular provision of them which prohibits such a redaction. The undersigned has reviewed copies of the publications available online and can find no such restriction.

Case No. 3:18cv409-MCR-HTC

summary judgment[,]" *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004) (citation omitted), the claim is not properly before the Court.

Second, Freeman admits he knows the organization's name and the abbreviation of the organization's name he claims are improperly redacted. ECF Doc. 34 at 23. Thus, it does not appear any information is being "withheld" from him. Furthermore, Freeman is not raising a substantive challenge to the claimed exemptions but instead using the exemptions to support his claim that the Report produced is "counterfeit." *Id.* ("It is highly implausible that a trained DoD IG investigator, or a lawfully functioning DoD IG review/approval process would overlook such fundamental flaws in an important legal document.").

Third, there is no evidence Freeman administratively challenged the redactions after receiving the FOIA response. Thus, he did not exhaust his administrative remedies with respect to that claim. *See Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) ("The FOIA clearly requires a party to exhaust all administrative remedies before seeking redress in the federal courts.") (citations omitted); *Thompson v. Dep't of Navy, Headquarters, U.S. Marine Corps*, 491 F. App'x 46 (11th Cir. 2012) (affirming district court's dismissal of FOIA claim when plaintiff failed to file a timely administrative appeal of the Navy's decision on his FOIA request).

Finally, Freeman has not submitted evidence or cited authority to create a genuine dispute of material fact regarding the propriety of the redactions and cited exemptions. Exemption (b)(6) applies to "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy" and exemption (b)(7)(C) applies "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . could reasonably be expected to constitute an unwarranted invasion of personal privacy."  5 U.S.C. § 552(b)(6), (b)(7)(C); *see also Office of Capital Collateral Counsel, N. Region of Fla. ex rel. Mordenti v. Dep't of Justice*, 331 F.3d 799, 802 (11th Cir. 2003) ("Exemption 6 applies broadly to detailed Government records on an individual which can be identified as applying to that individual.") (citation omitted).  The Report was compiled for "law enforcement purposes" as that phrase is used in FOIA because it involved allegations of fraud, whistleblower retaliation and the unauthorized disclosure of classified information. *See Cappabianca v. Comm'r, U.S. Customs Serv.*, 847 F. Supp. 1558, 1565 (M.D. Fla. 1994) ("Records of an internal investigation are compiled for a law enforcement purpose if they focus specifically on alleged acts that could result in civil or criminal sanctions, if those acts were proved."). The disclosure of the individual's name who Freeman alleges retaliated against him, *or* the name of the

entity that individual worked for, could reasonably be expected to constitute an unwarranted invasion of that individual's personal privacy.

IV. Conclusion

It is undisputed that Freeman has been provided a copy of the Report he requested pursuant to FOIA in July 2017. He has not created a genuine dispute of material fact regarding the authenticity of the Report, and he has not established that the Defendant is unlawfully withholding responsive documents. His dissatisfaction with the whistleblower reprisal investigation or its results is not a basis for relief under FOIA.

Accordingly, it is ORDERED:

1. Plaintiff's Motion for Court-Ordered Discovery (ECF Doc. 35) is DENIED.

And it is RECOMMENDED:

1. That Plaintiff's Motion for Summary Judgment (ECF Doc. 20) be DENIED.

2. That Defendant's Motion for Summary Judgment (ECF Doc. 30) be GRANTED.

3. That the clerk be directed to enter judgment in favor of Defendant and close the file.

At Pensacola, Florida, this 5th day of August, 2019.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. A copy of objections shall be served upon the Magistrate Judge and all other parties. A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.